**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW PETERS, | No. 14-15813 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02600-FJM |
| v. | |
| COFACE COLLECTIONS NORTH AMERICA INCORPORATED, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Andrew Peters appeals the district court's summary judgment in his action

under the Fair Debt Collection Practices Act ("FDCPA") against Coface

Collections North America, Inc. ("Coface"). We reverse the grant of summary

judgment, finding the existence of a genuine dispute of material fact.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review de novo a district court's order on summary judgment. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014). We also review de novo a district court's interpretation of the FDCPA. *Id*. at 1119. "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether (1) there are any genuine issues of material fact, and (2) whether the district court correctly applied the relevant substantive law." *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1074 (9th Cir. 2001).

There is a genuine issue of material fact, because, "[v]iewing the transaction as a whole," it is unclear whether the software "was purchased primarily for consumer purposes." *Id*. at 1075. Similar to the district court in *Slenk*, the district court here "relied upon numerous facts in concluding as a matter of law that the [software] was purchased . . . for commercial purposes." *Id*. at 1075. While those facts militate against Peters's argument that he purchased the software for personal, family, or household purposes, "they are not dispositive." *Id*. "The record is replete with undisputed [and disputed] . . . facts which, when viewed in the aggregate, create a genuine issue of material fact." *Id*. Although some facts suggest the purchase was for commercial purposes, Peters testified that he purchased the software in furtherance of a personal hobby. Peters also testified that he told the software company and Coface over the phone that he intended to purchase the

software as an individual, not as a business. Furthermore, it is undisputed that, unlike the business owner in *Slenk*, Peters had not formally organized or operated his business. He did not sell any products or services under the business name, he purchased the software with two personal checks, he did not deduct the purchase of the software as a business expense, and there is no evidence in the record suggesting that Peters paid less sales tax when purchasing the software.

"[T]he district court appears to have overlooked the foregoing facts in concluding that no genuine issue of material fact existed as to whether the [software debt] constituted a consumer debt." *Id*. at 1076. Although these facts contradict the representations made by Peters to the software company, "it is not the province of the district court to weigh conflicting evidence for purposes of summary judgment."[1] *Id*. "By focusing . . . on select documentary evidence, rather than looking to the facts illustrating the actual use to which the [software] was [intended to be] put, the forest was lost for the trees." *Id*.

We **REVERSE** the grant of summary judgment for Coface and **VACATE** the judgment dismissing Peters's complaint. We **AFFIRM** the denial of summary

---

[1] We note that the only question of fact in *Slenk* was the nature of the debt itself. The other facts were undisputed. Thus, even if the communication between Peters and the software company were not disputed, a genuine issue of material fact would still exist in determining the nature of the debt.

judgment for Peters and **REMAND** for further proceedings. The parties shall bear their own costs on appeal.